**UNITED STATES of America**

v.

**GUIMOND FARMS, INC.**

**Civ. A. No. 61-901-F.**

United States District Court
D. Massachusetts.

· March 15, 1962.

W. Arthur Garrity, Jr., U. S. Atty., Paul J. Redmond, Asst. U. S. Atty., for plaintiff.

472

Richard C. Levin, Levin & Levin, Fall River, Mass., Harold Katz, Boston, Mass., for defendant.

FRANCIS J. W. FORD, District Judge.

This is an action under § 8a(6) of the Agricultural Marketing Agreement Act of 1937, as amended, 7 U.S.C.A. § 608a (6), to enforce an order of the Secretary of Agriculture issued under the act. The complaint asks injunctive relief to compel defendant to comply with requirements of the act as to reports and payments to the producer-settlement fund and to restrain defendant from handling milk in violation of the order. The United States has moved for partial summary judgment for the sum of $30,447.30 with interest thereon, this being the amount which the marketing administrator has found to be due from the defendant to the producer-settlement fund. Defendant moves the court to stay an order for partial summary judgment pending determination of defendant's petition under 7 U.S.C.A. § 608c(15) (A).

■ Both sides rely on United States v. Ruzicka, 329 U.S. 287, 67 S.Ct. 207, 91 L.Ed. 290. As pointed out in that case, the act provides for enforcement of orders issued under it by a proceeding under § 608a(6) and it is not open to defendant to challenge in such a proceeding the correctness of the order. Such a challenge may only be made by an independent petition under 608c(15) (A) with opportunity for review by the district court of the ruling of the Secretary of Agriculture on such a petition. Section 608c(15) (B) provides that, "The pendency of proceedings instituted pursuant to this subsection shall not impede, hinder, or delay the United States or the Secretary of Agriculture from obtaining relief pursuant to section 608a(6) of this title." Hence in Ruzicka the court held that defendant could not challenge in the 608a(6) proceedings the correctness of the order sought to be enforced.

■ In Ruzicka the defendant had filed in the district court a motion for a stay similar to that filed in the present action. In Ruzicka, however, the motion was withdrawn and the Supreme Court specifically pointed out that it did not therefore pass on the question of whether the district court under its inherent power as a court of equity would have power to grant such a stay. The court does, however, cite Scripps-Howard Radio, Inc. v. Federal Communications Commission, 316 U.S. 4, 62 S.Ct. 875, 86 L.Ed. 1229, and Hecht Company v. Bowles, 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. 754, both cases in which it was held that the court had inherent power to grant a stay or refuse injunctive relief despite the apparent mandatory language of the statute. In the light of these cases this court holds that it has power to grant the stay requested here.

■ In the circumstances of this case the granting of a stay seems appropriate. The complaint in this action was filed in November, 1961, more than a year after the issuance of the order sought to be enforced. The payments which government seeks to collect were those allegedly due for December, 1959, and January and August, 1960. For more than a year after issuance of the order, defendant endeavored to negotiate a settlement of its differences with the administrator, defendant refraining from seeking formal relief under § 608c(15) (A) and government refraining from seeking enforcement under § 608a(6). Defendant contends that its business would be seriously harmed if it has to pay over a sum which it may ultimately be entitled to recover. The United States contends that delay in payment would seriously interfere with administration of the act. However, the picture presented of the delay in seeking enforcement would seem to indicate that immediate payment is not so imperative to the enforcement of the act as to preclude a reasonable delay to permit defendant to prosecute its claim for administrative relief and may further indicate that defendant has at least arguable grounds for modification of the order.

Defendant's motion for stay is allowed.